United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 27, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-40340
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JOSEPH JOHN MCDERMOTT,

Defendant-
Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:01-CR-543-ALL
----------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Joseph John McDermott pleaded guilty to one count of possession of child pornography in

violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8). McDermott argues that four

conditions of supervised release imposed by the district court must be vacated. A district court enjoys

"wide discretion" in imposing conditions of supervised release. United States v. Phipps, 319 F.3d

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

177, 193 (5th Cir. 2003); 18 U.S.C. § 3583(d). Generally, the propriety of a special condition of supervised release is reviewed for an abuse of discretion. United States v. Paul, 274 F.3d 155, 170 (5th Cir. 2001). However, McDermott's argument that the district court erred in imposing such conditions is raised for the first time on appeal and is therefore reviewed for plain error only. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

The first special condition to which McDermott takes exception is that he "is required to participate in a mental health program as deemed necessary and approved by the probation officer." McDermott argues that, by requiring participation in mental health treatment as the probation officer deems necessary, the district court unconstitutionally delegated its authority to the probation officer. Because McDermott has cited to no binding jurisprudence on the issue presented by this appeal, he has failed to show that the district court's error, if any, was plain. See United States v. Castro, 166 F.3d 728, 732 (5th Cir. 1999).

McDermott argues that the provision that he "shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the provisions of §§ 3563(a)(9) and 3583(d)" is improper because his offense of conviction is not subject to those provisions. In United States v. Carmichael, 343 F.3d 756, 760-61 (5th Cir. 2003), the court held that the Bureau of Prisons (BOP), not the district court, determines if an offender is eligible for DNA sampling. The district court is mandated to require cooperation with the BOP's DNA sampling as part of any term of supervised release. The district court did not plainly err in imposing the condition, notwithstanding any argument the McDermott should not be subject to DNA sampling.

McDermott argues that the condition that he not "possess or have access to computers, the Internet, photographic equipment, audio/video equipment, or any item capable of producing a visual

image" is a broader deprivation than necessary to satisfy the goals of supervised release. Although McDermott was not convicted for using his computer and the Internet to facilitate contact with a minor, they were the means that he used to exploit children. McDermott also asserts that, due to his employment history, a computer and Internet access will be essential to his ability to earn a living. This argument is speculative at best given that McDermott in now 62 years old. McDermott has not demonstrated that the district court plainly erred in imposing this condition.

McDermott argues that the condition that he not "possess any printed, photographed, or recorded material which may be used to arouse his sexual behavior" is unconstitutionally vague and overbroad. McDermott argument is specious because it relies on a selectively redacted and misleading citation to the challenged condition of release. The condition of release in this case is that McDermott may not "possess any printed, photographed, or recorded material which may be used to arouse <u>his</u> sexual behavior." The record is replete with the specific type of material depicting acts of sex and sodomy by children that will arouse McDermott's sexual behavior. A commonsense reading of the condition based on the undisputed facts contained in the record shows beyond doubt that the prohibition is neither vague nor overbroad. See <u>Phipps</u>, 319 F.3d at 192-94. McDermott has not shown that the district court plainly erred in imposing this condition on his release.

AFFIRMED.